CIRCUIT COURT OF THE CITY OF RICHMOND

General Motors Acceptance Corp.

v.

George K. Lindsay

January 14, 1982

Case No. LE-1114

By JUDGE ALEX H. SANDS, JR.

The facts set forth in the "Statement" of the case in the brief submitted by counsel for plaintiff appear to coincide in every respect with the evidence adduced at the trial of the case and are, therefore, adopted in toto for purposes of this opinion.

The facts of the case are not in dispute.

The issues presented for the courts consideration are as follows:

1. Was plaintiff's notice to defendant regarding the intended disposition of the vehicle defective?

a) Did the notice comply with statutory requirements?

b) Was the notice defective because it failed to state whether the disposition was to be by public or private sale or because it provided that the vehicle may be sold at any time after October 14, 1980?

c) Was the notice defective because it stated that in order to get his vehicle back the defendant

must pay all past due payments, plus expenses, and then start making his monthly payments again?

2. Was the sale of the vehicle made in a commercially reasonable manner?

3. Is the plaintiff entitled to all or a part of the deficiency even if the court were to find that the notice was defective or that the sale was commercially unreasonable?

4. Did the installment sales contract require the plaintiff to provide the defendant with prior notice of the time and place of a private sale?

After a study of the briefs submitted by counsel and a review of the evidence as reflected by the court's notes taken at trial and the exhibits, the court is of opinion as follows as to the above issues.

The notice of sale given by plaintiff to defendant did comply with the provisions of Va. Code Ann. § 8.9-504(3) (1981 Cum. Supp.).

Subject to the court's findings on issue number 4 to follow, the notice was not defective merely because it failed to state whether the disposition was to be by public or private sale or because it provided that the vehicle could be sold at any time after October 14, 1980.

The sale, itself, was made in a commercially reasonable manner.

If the plaintiff is entitled to recover, it is entitled to recover all of the deficiency.

Issue number 4 raises the question the answer to which must be dispositive of the case.

The last paragraph of Clause 6 of the "Additional Terms" of the Conditional Sales Contract provides: ·

> The requirement of reasonable notification of the time and place of <u>any</u> <u>public</u> <u>or</u> <u>private</u> <u>sale</u> <u>or</u> <u>other</u> <u>intended</u> <u>disposition</u> shall be met if notice thereof is mailed, postage prepaid, to the buyer and any other person entitled thereto ten (10) days prior to <u>such</u> <u>sale</u> or other disposition of the property. (Emphasis added.)

Va. Code Ann. § 8.9-504(3) (1981 Cum. Supp.) provides:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, <u>reasonable</u> <u>notification</u> <u>of</u> <u>the</u> <u>time</u> <u>and</u> <u>place</u> <u>of</u> <u>any</u> <u>public</u> <u>sale</u> <u>or</u> <u>reasonable</u> <u>notification</u> <u>of</u> <u>the</u> <u>time</u> <u>after</u> <u>which</u> <u>any</u> <u>private</u> <u>sale</u> <u>or</u> <u>other</u> <u>intended</u> <u>disposition</u> <u>is</u> <u>to</u> <u>be</u> <u>made</u> <u>shall</u> <u>be</u> <u>sent</u> <u>by</u> <u>the</u> <u>secured</u> <u>party</u> <u>to</u> <u>the</u> <u>debtor</u> . . . . <u>In</u> <u>the</u> <u>case</u> <u>of</u> <u>consumer</u> <u>goods</u> <u>no</u> <u>other</u> <u>notice</u> <u>need</u> <u>be</u> <u>sent.</u> (Emphasis added.)

It is plaintiff's position that the language of the Code section constitutes the <u>exclusive</u> test of what is "reasonable compliance" with notice in case of a <u>private</u> (as distinguished from a <u>public</u>) sale and that notice or the date <u>after</u> <u>which</u> the property may be sold meets the requirement of "reasonable compliance."

It is quite apparent that the statute has different requirements for <u>public</u> and <u>private</u> sales, notification as to <u>time</u> and <u>place</u> being required only in the case of <u>public</u> sales.

It is equally apparent, however, that the contract makes no distinction between public and private sales as to the type of notice which is required to constitute "reasonable notification" of sale. In both cases the notice must be of time and place.

The notice given by plaintiff to defendant in this case is clearly not "reasonable notice" under the terms of Clause 6 of the contract.

This raises the question whether by contract the parties can impose upon themselves a criterion of sufficiency of notice which goes beyond the maximum requirements fixed by statute. The answer must be "yes."

What the plaintiff, by language in the contract (prepared by plaintiff) is really saying to defendant is "while by statute I am required only to notify you of the date after which I can sell in cases of a private sale, yet I am going to go further and notify you as to the exact time and place of such sale."

This contract provision is not in any way in violation of the statute, it merely extends the notice obligation beyond the accepted criteria imposed by statute.

It must be held, therefore, that the notice of sale given defendant by plaintiff, while complying with the statutory requirement, failed to comply with the notice required under the contract itself, and judgment will, accordingly be for the defendant.